UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KEVIN ROBERTS, | ) |
|     Plaintiff | ) |
| v. | )    2:13-cv-00240-NT |
| REGGIE LITTLEFIELD, et als., | ) |
|     Defendants. | ) |

## RECOMMENDED DECISION

In this action, Plaintiff Kevin Roberts, proceeding pro se, joined members of the staff of the Androscoggin County Jail as defendants. Plaintiff evidently complains about an incident or incidents that occurred while Plaintiff was incarcerated at the Androscoggin County Jail.

The matter is before the Court on Defendants' Motion for Partial Summary Judgment (ECF No. 17). Through their motion, Defendants, with the exception of Defendant Reggie Littlefield, seek summary judgment based on Plaintiff's deposition testimony that Plaintiff wishes to limit this action to his claim against Defendant Littlefield.

Following a review of the pleadings, as explained below, the recommendation is that the Court deny the motion, but issue an Order to Show Cause.[1]

### BACKGROUND FACTS

In his complaint, Plaintiff alleges that on May 30, 2013, Defendant Littlefield used excessive force on Plaintiff during a cell extraction. (Complaint, ECF No. 1.) As alleged,

---

[1] The Court referred the motion for report and recommended decision.

Defendant Littlefield pepper sprayed Plaintiff in the face without provocation or need, used his knee to apply pressure to Plaintiff's head while he was being held on the ground by others, and pepper sprayed Plaintiff after Plaintiff was secured in restraints. (Complaint ¶¶ 17-21.) Plaintiff names as additional defendants on the excessive force claim three John Doe defendants (John Does 1, 2, and 4) and one Jane Doe defendant.[2] According to Plaintiff's allegations, John Does 1, 2, and 4, and Jane Doe participated in the May 30 cell extraction. (*Id.* ¶¶ 15, 18, 19, 23.)

Plaintiff also alleges a claim of First Amendment retaliation against John Doe 3. Plaintiff asserts that on June 14, 2013, John Doe 3 treated Plaintiff differently than other inmates when he kept Plaintiff in lockdown after releasing other inmates after Plaintiff voiced his objection to the lockdown, and expressed his intention to file a grievance over the lockdown. (*Id.* ¶¶ 30-33.) Plaintiff also contends that after he completed a grievance form, he was informed that because he threatened John Doe 3, he would be punished with a 48-hour lockdown. Plaintiff complains of retaliation for his grievance activity, which includes a grievance that he filed regarding the May 30, 2013, use of force. (*Id.* ¶¶ 33-38.)

In addition to Defendant Littlefield and the Doe defendants, Plaintiff joined as defendants, Jeff Chute, described as a lieutenant responsible for reviewing and answering inmate grievances, and John Lebel, described as the captain of the corrections officers. (*Id.* ¶¶ 8-9.) Plaintiff maintains that they share liability because they failed to act to curb "abuse" inflicted by Defendant Littlefield and other officers. (*Id.* ¶ 42.)

---

[2] Plaintiff evidently knows the names of John Does 1-4 and Jane Doe. (DSF ¶ 1.) Plaintiff testified that five officers, including Reggie Littlefield, were involved in the May 30, 2013, incident involving excessive force. The male officers were Luce, Carr, Dugay, and Littlefield, and the female officer was Monzo. (*Id.* ¶ 2.)

The sole basis of Defendants' motion is Plaintiff's deposition testimony that the only claim that he wants to pursue is his excessive force claim against Defendant Littlefield.[3] In particular, Defendants cite the following testimony regarding the excessive force claim:

> Q. Do you think that Dugay or Luce or Carr did anything wrong?
>
> A. No.
>
> Q. Okay. So for this incident --
>
> A. They all answered to him.
>
> Q. All right, and they didn't use what you would consider to be excessive force?
>
> A. No.
>
> Q. All right. So as far as the May 30, 2013 incident, the only person you're suing is Littlefield?
>
> A. Yes.

(Deposition of Kevin Roberts at 27, ECF No. 21.)[4]

As for the retaliation claim, Plaintiff testified that in retaliation for his grievance activity on June 14, 2013, Officer Shane Thomas, after locking down the entire housing unit due to an argument with an inmate concerning law books, let everyone out of their cells except Plaintiff, who remained in lockdown for 48 hours. (*Id.* ¶¶ 4, 5.) Plaintiff testified that he did not want to pursue a claim against Thomas. (*Id.* ¶ 6.)

> Q. Okay, and so your lawsuit for the June 14 incident is against Officer Thomas for locking you down for 48 hours?
>
> A. I never pursued that. I never sued him for that.
>
> Q. Well, it's in your Complaint.

---

[3] Plaintiff did not respond to Defendants' motion or to Defendants' Local Rule 56 statement of material facts. However, before Defendants filed their motion, Plaintiff filed an affidavit in support of his excessive force claim against Littlefield. (See Affidavit of Shawn Asselin, ECF No. 13-1.) When asked why he filed it, Plaintiff responded that it was "basically so they wouldn't throw this case out," and that it was something he learned in a law book. (Deposition of Kevin Roberts at 39.)

[4] Officer Monzo did not enter the cell. (Deposition of Kevin Roberts at 19-20.)

3

> A. I wrote a Complaint about it but I never sued him.
>
> Q. But it's part of your -- you didn't list his name here but that's one of the things you've listed in the lawsuit.
>
> A. Oh, okay, yes.
>
> Q. So is it your intention to have him part of this lawsuit for that incident?
>
> A. No. At the time I just felt like my rights was being violated on that situation. That's not something I would pursue.
>
> Q. So even though it's in the lawsuit papers, you're not interested in pursuing that part of it?
>
> A. No.
>
> Q. Okay. So this lawsuit is just about the May 30 incident?
>
> A. Yes.
>
> Q. And it's just against Littlefield?
>
> A. Yes, and if it was just my eyes, it wouldn't even be against Littlefield but he sprayed my private area.

(Deposition of Kevin Roberts at 36.)

Plaintiff also testified that he no longer wants to pursue his claims against Defendants Jeff Chute and John Lebel, and that he simply wishes to pursue his excessive force claim against Littlefield. (*Id.* ¶¶ 7-8.)

> Q. Now, are you intending to sue Captain Lebel or Lieutenant Chute or is it just Sergeant Littlefield?
>
> A. Just Sergeant Littlefield. They was brought into the picture for not properly -- basically I'd say that misuse of force was failure to properly train the officers.
>
> Q. Okay.
>
> A. And that's why they were brought into this situation.
>
> Q. So are you still pursuing your lawsuit against them?

> A. I don't wish to.
>
> Q. Okay. So at this point you just want it to be you against Littlefield for spraying you?
>
> A. Yes.

(Deposition of Kevin Roberts at 40.)

## DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Hannon v. Beard*, 645 F.3d 45, 47-48 (1st Cir. 2011). If the court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, there exists a trial-worthy controversy and summary judgment must be denied as to the supported claims. Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

Here, Defendants, other than Defendant Littlefield, seek summary judgment based upon Plaintiff's expressed desire not to proceed on his claims against the moving parties. Plaintiff did not file an opposition to Defendants' motion, including Defendants' Statement of Uncontested Material Facts in Support of Partial Summary Judgment, in which statement Defendants asserted that Plaintiff testified at his deposition that he did not want to pursue his claims against the moving parties. (Defendant's Statement, ECF No. 18.) Pursuant to Local Rule 56(f), because Plaintiff did not controvert the statements, the facts are deemed admitted. Thus, the summary judgment record

establishes that Plaintiff wants to limit his complaint to the excessive force claim that he has asserted against Defendant Littlefield.

A proposed disposition of the claims against the moving parties based on Plaintiff's expressed desire not to proceed on the claims does not require the Court to assess the merits of the claims and determine whether "there exists a trial-worthy controversy." *Id*. Summary judgment, therefore, which would constitute an adjudication on the merits, is not necessarily warranted.

Nevertheless, given that the record, which includes Plaintiff's sworn testimony, establishes that Plaintiff no longer wants to pursue his claims against the moving parties, disposition of the claims at this stage of the proceedings could be appropriate. Plaintiff's deposition testimony and his lack of objection to Defendants' motion and statement of material facts can reasonably be construed as a motion to dismiss his claims against the moving parties in accordance with Fed. R. Civ. P. 41(a)(2). The Court has discretion to determine whether dismissal should be with or without prejudice, whether the dismissal is imposed under Rule 41(a)(2), or Rule 41(b). *Colon-Cabrera v. Esso Standard Oil Co. (Puerto Rico), Inc.*, 723 F.3d 82, 88 (1st Cir. 2013) (vacating dismissal with prejudice pursuant to Rule 41(a)); *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (vacating dismissal with prejudice pursuant to Rule 41(b)). Insofar as the Court would be dismissing the defendants in the absence of an actual Rule 41 motion, dismissal without prejudice would be appropriate. To ensure that Plaintiff in fact wants to dismiss his claims against the moving parties, the recommendation is that the Court issue a Show Cause Order in a form similar to Exhibit A to this Recommended Decision.

**CONCLUSION**

Based on the foregoing analysis, the recommendation is that the Court deny Defendants' Motion for Partial Summary Judgment (ECF No. 17); that the Court issue an Order to Show Cause in the form attached to this Recommended Decision as Exhibit A; and that in the event that Plaintiff does not show cause in accordance with the Order to Show Cause, the Court dismiss, without prejudice, Plaintiff's claims against all Defendants[5] except Defendant Littlefield.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

June 13, 2014

---

[5] Due to Plaintiff's desire to withdraw his claims against these defendants, this Court sees no need to consider the impact of Plaintiff's failure to amend his complaint to identify the Doe defendants.